IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATRICIA VENNER,<br><br>               Plaintiff,<br><br>    v.<br><br>PARKER MCCAY and BANK OF<br>AMERICA, N.A.,<br><br>              Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action No.<br>16-4496 (JBS/JS)<br><br>**OPINION** |

APPEARANCES:

Patricia Venner, Plaintiff pro se
P.O. Box 326
Willingboro, NJ 08046

Andrew Christopher Sayles, Esq.
Connell Foley LLP
85 Livingston Avenue
Roseland, NJ 07068
    Attorney for Defendant Parker McCay

Heather Elizabeth Saydah, Esq.
Winston & Strawn LLP
200 Park Avenue
New York, NY 10166
    Attorney for Defendant Bank of America, N.A.

**SIMANDLE, District Judge:**

## I. INTRODUCTION

Plaintiff Patricia Venner brings this case against Bank of America, N.A. ("Bank of America") and Parker McCay, alleging violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") in connection with a foreclosure action

in the New Jersey state courts filed by the law firm of Parker McCay on behalf of Bank of America. Both Defendants now move to dismiss the Complaint [Docket Items 10 & 12], arguing that this Court should abstain from hearing this case because of the ongoing foreclosure action in the Superior Court of New Jersey, or in the alternative find that Plaintiff's case is otherwise barred. For the following reasons, the Court will grant Defendants' motions and dismiss the Complaint with prejudice.[1]

## II. BACKGROUND[2]

The Court gleans the following facts from the lean allegations in Plaintiff's Complaint and the documents

---

[1] A court may deny leave to amend a complaint where it is apparent that "(1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." United States ex rel. Schumann v. Astrazeneca Pharma. L.P., 769 F.3d 837, 849 (3d Cir. 2014) (citing Lake v. Arnold, 232 F.3d 360, 373 (3d Cir. 2000)). In this case, because the Plaintiff's complaint is legally insufficient, and not merely factually insufficient, any amendment would be futile. Plaintiff cannot allege additional facts that would make the state court foreclosure action no longer ongoing, and to the extent that such circumstances may exist, her claims would be barred by New Jersey's Entire Controversy Doctrine. See Venner v. Bank of America, Civil No. 07-4040, 2009 WL 1416043, at *2-*3 (D.N.J. May 19, 2009). In any event, Plaintiff may not relitigate the claims at issue in the state foreclosure action in the federal courts.

[2] The Court accepts as true for the purposes of the instant motions the following facts as alleged in the Complaint. [Docket Item 1.] The Court also considers the exhibits attached to the Declaration of Heather Elizabeth Saydah, Esq. [Docket Item 10-2] and the Declaration of Andrew C. Sayles, Esq. [Docket Item 12-2] in support of the Defendants' motions to dismiss because these documents are all either "integral to or explicitly relied upon

referenced in the Complaint and provided by Defendants in connection with their motions to dismiss.

Plaintiff executed a Note and Mortgage in favor of Pulte Mortgage Corporation in the amount of $65,500 on December 9, 1999, to purchase a home in Delran, New Jersey. (See Exhibits A & B to Declaration of Heather Elizabeth Saydah ("Saydah Decl.").) On June 1, 2000, Pulte assigned Plaintiff's Mortgage to Bank of America. (Ex. C to Saydah Decl.) On July 9, 2003, Plaintiff and Bank of America entered into a loan modification agreement. (Ex. D. to Saydah Decl.) Plaintiff defaulted on her obligations under the loan on or about September 1, 2005. (Foreclosure Complaint ¶ 8, Ex. F to Saydah Decl.)

On or about June 20, 2014, the law firm of Parker McCay filed a foreclosure complaint on behalf of Bank of America in the New Jersey Superior Court, Chancery Division, Burlington County, Docket No. F-025260-14. (Id.) Plaintiff filed an answer with affirmative defenses in the foreclosure action, alleging, as she does in the present Complaint, that Bank of America misrepresented the amount of money owed on her mortgage due to condominium association assessments and misused funds from an

---

in the complaint" or matters of public record. Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014); In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997). The Court may consider these documents on a motion to dismiss without converting the motion to one for summary judgment. Schmidt, 770 F.3d at 249.

escrow account, and that FDCPA violations occurred in connection with the foreclosure action. (Ex. B to Sayles Decl.) On November 23, 2015, the Superior Court erroneously entered a final uncontested judgment of foreclosure, which was vacated on July 27, 2016 before a sheriff's sale of Plaintiff's property could take place. (Ex. C to Sayles Decl.) Counsel for both Defendants represent that the state foreclosure action is still ongoing.

In the meantime, Plaintiff filed a complaint in federal court on August 23, 2007 against Bank of America, alleging violations of the FDCPA in connection with Bank of America's calculation and payment of condominium association assessments from an escrow account pursuant to the terms of her mortgage. See Complaint, Venner v. Bank of America, Civil No. 07-4040 (JBS/JS) (Ex. D to Sayles Decl.). This Court granted the bank's motion for summary judgment on May 19, 2009, finding that Ms. Venner's federal action was barred by a final judgment in a foreclosure action filed by Bank of America in the New Jersey Superior Court, Chancery Division, Burlington County, Docket No. F-19031-05. (Ex. E to Sayles Decl.)[3] The Third Circuit Court of

---

[3] Ms. Venner also named Judith Jennings, an attorney for her condominium association, in the 2007 federal complaint. (Ex. D. to Sayles Decl.) Ms. Venner's federal action against Ms. Jennings was barred by the Rooker-Feldman doctrine, on account of final judgments in Ms. Jennings' favor in a number of other state court cases relating to the same condominium association assessments. (Ex. F to Sayles Decl.)

Appeals upheld the judgment in favor of Bank of America on that basis. See Venner v. Bank of Amer., 387 Fed. Appx. 232 (3d Cir. 2010). While the same mortgage between Plaintiff and Bank of America and the same conduct by Ms. Venner and the bank were at issue in both of Plaintiff's federal cases against Bank of America, it appears that the foreclosure action currently pending before the Superior Court is a separate action from the one that concluded in 2007 and barred the 2007 federal action.

In this case, filed on July 25, 2016, the day before the Superior Court vacated final judgment in the foreclosure action and stayed the sheriff's sale then pending, Plaintiff vaguely alleges that "in 2005 the defendant stole funds from plaintiff [sic] account, mislead on the funds." (See Complaint at 3.) It appears that Plaintiff alleges that Defendants harassed, misled, and subjected her to collection abuses by and through the filing of the state foreclosure action. (Id.) Defendants now move to dismiss the complaint [Docket Items 10 & 12], which Plaintiff opposes [Docket Items 11, 14, 15 & 17.] The Court will decide these motions without holding oral argument pursuant to Fed. R. Civ. P. 78.

## III. DISCUSSION

Both Defendants primarily contend that this Court should abstain from exercising jurisdiction over this case under the Colorado River abstention doctrine on account of the ongoing

5

state foreclosure action. For the reasons that follow, the Court agrees.

In general, "federal courts are obligated to decide cases within the scope of federal jurisdiction." Sprint Communications, Inc. v. Jacobs, -- U.S. --, 134 S. Ct. 584, 588 (2013). However, "in certain circumstances . . . the prospect of undue interference with state proceedings counsels against federal relief." Id. To prevent such interference, various judge-made doctrines of abstention have developed, whereby the federal courts decline to exercise jurisdiction otherwise granted them by the Constitution or federal statute. One such doctrine counsels that abstention might be warranted in some "extraordinary" circumstances where there are parallel state and federal proceedings, under principles of "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976).

Two proceedings are considered parallel when they "involve the same parties and substantially identical claims, raising nearly identical allegations and issues." Yang v. Tsui, 416 F.3d 199, 204 n. 5 (3d Cir. 2005) (internal citations omitted). Here, Plaintiff's claims against Bank of America are nearly identical to those raised by Ms. Venner as affirmative defenses to the

state foreclosure action. Generously construing Plaintiff's
claims, Plaintiff makes the same allegations against Bank of
America in both cases: that the bank misrepresented certain
taxes and fees owed to Plaintiff's condominium association when
she owed none; that the bank returned certain payments Plaintiff
made and caused her to default on her mortgage; that the bank
gave false statements about the date of default in order to
collect on a false debt; that the bank stole funds from her
account; and that bank failed to comply with provisions of the
FDCPA in the filing of the foreclosure action. (<u>Compare</u> Ex. B to
Sayles Decl. <u>with</u> Complaint <u>and</u> Plaintiff's Briefs in
Opposition, Docket Items 11, 14, 15 & 17.) In essence, Plaintiff
seeks by these contentions the same relief in both cases: to
invalidate Bank of America's foreclosure proceeding.[4]

The addition of Parker McCay as a defendant in this action
need not defeat a finding that both the federal and state cases
involve "substantially identical" parties and claims. <u>IFC
Interconsult, AG v. Safeguard Intern. Partners, LLC</u>, 438 F.3d

---

[4] The timing of the filing of the federal complaint is
additionally suggestive: Ms. Venner instituted this federal
action <u>before</u> the Superior Court granted her motion to vacate
the final judgment in the state foreclosure action. Ms. Venner
may very well have been trying to relitigate claims that had, at
that point, already been addressed in the state court. This
would have been impermissible under New Jersey's Entire
Controversy Doctrine. <u>See</u> <u>Venner v. Bank of America</u>, Civil No.
07-4040, 2009 WL 1416043, at *2-*3 (D.N.J. May 19, 2009).

298, 306 (3d Cir. 2006). As Bank of America's attorney in the state foreclosure action, Parker McCay is a participant if not a named party in both actions, and Plaintiff's allegations against the law firm in this action are wrapped up in her contention in both proceedings that Bank of America violated the FDCPA by filing the state foreclosure action. Accordingly, because Plaintiff raises the same claims against the same parties and seeks the same relief in both this case and the ongoing state foreclosure action, the Court easily finds that the two proceedings are parallel.

Once a federal court determines that two proceedings are parallel, as these cases plainly are, the Third Circuit instructs the court to consider the following pertinent factors, drawn from the <u>Colorado River</u> case: "(1) in an in rem case, which court first assumed jurisdiction over the property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether federal or state law controls; and (6) whether the state court will adequately protect the interests of the parties." <u>Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc.</u>, 571 F.3d 299, 308 (3d Cir. 2009). Of primary importance to this case are the third and fourth factors. Avoiding piecemeal litigation of Bank of America's entitlement to foreclosure is of the utmost importance

here: this Court and the state foreclosure action might otherwise come to inconsistent results and leave the parties unable to vindicate their rights with respect to the property in Delran, New Jersey. Moreover, the state foreclosure action has progressed much further than this federal suit; not only was it the first filed by nearly two years, but as Judge Dow of the Superior Court noted in her opinion vacating final judgment and reopening Ms. Venner's case, there has already been extensive motion practice and litigation in that case. (See Ex. C to Sayles Decl. at 2-3.) Indeed, the Court presumes that the state court litigation has progressed even further in the last year since Judge Dow's opinion and order. Crucially, there is no indication in either the briefing or the documentary record that the New Jersey state courts are an inadequate forum in which to litigate Plaintiff's claims; indeed, the Superior Court routinely addresses issues and claims related to mortgages and foreclosures. The crux of Plaintiff's complaint -- whether Bank of America is entitled to foreclose on her home -- will be decided under New Jersey state law, and the state courts are well empowered to hear claims under the FDCPA.[5]

---

[5] Courts in this District routinely find Colorado River abstention appropriate in similar cases regarding state court foreclosure proceedings. E.g., Barthakur v. Wells Fargo Bank, N.A., Civil No. 15-8079, 2016 WL 4414777 (D.N.J. Aug. 16, 2016); Chambers v. Wells Fargo, Civil No. 15-6976, 2016 WL 3533998 (D.N.J. June 28, 2016); Ruffolo v. HSBC Bank USA, N.A., Civil

Abstention is especially appropriate where Plaintiff brings personal claims against Parker McCay, Bank of America's attorney in the foreclosure action, for counsels' submissions in the ongoing Superior Court litigation. To ask this federal court to sit in judgment over counsel's conduct in an ongoing state court litigation would be particularly untenable as a matter of comity and avoidance of federal entanglement into ongoing filings in a state court forum that is perfectly well empowered to address any allegations of misconduct by its litigants.

Because the state foreclosure action was filed first and is ongoing, because Plaintiff has raised nearly identical claims in both cases, and because inconsistent relief in these parallel cases could leave the parties unable to vindicate their rights, the Court must decline to exercise jurisdiction over Plaintiff's claims and must dismiss her case in its entirety.[6] Defendants' motions for abstention will be granted.

---

No. 14-638, 2014 WL 4979699 (D.N.J. Oct. 3, 2014); St. Clair v. Wertzberger, 637 F. Supp. 2d 251 (D.N.J. 2009).

[6] Accordingly, the Court need not address the Defendants' alternative arguments that Plaintiff's claims are barred by, inter alia, the doctrine of res judicata, the statute of limitations, the Noerr-Pennington doctrine, and the litigation privilege.

## IV. CONCLUSION

An accompanying Order will be entered.


**June 16, 2017**                          **s/ Jerome B. Simandle**
Date                                    JEROME B. SIMANDLE
                                        U.S. District Judge